United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LAVINA MIXON,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**CAROLYN W. COLVIN,** *Acting Commissioner of Social Security*,<br><br>　　　　**Defendant.** | **Case No.: 12-CV-2913 YGR**<br><br>**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS; SUBSTITUTING DEFENDANT** |

Plaintiff Lavina Mixon allegedly suffers from a learning disorder that prevents her from working. She applied for Supplemental Security Insurance benefits in July 2010. The Social Security Administration denied her application, and Mixon filed a motion for reconsideration. During this time, Mixon also appointed a non-attorney "authorized representative," though she claims to have done so unknowingly. *See* Dkt. No. 23-2, pp. 3-5 ("Mixon Decl."), ¶¶ 11-13. The Administration denied Mixon's motion for reconsideration and sent notice of the denial to Mixon. However, it allegedly did not notify Mixon's representative. Mixon had sixty days to seek review of the denial by an Administrative Law Judge ("ALJ"). It is undisputed that she did not do so until she retained counsel, several months after the time for review elapsed. Mixon claims to have great difficulty reading and to require help reading from the people around her. *Id.* ¶¶ 7-8. She claims not to remember receiving notice of the Administration's denial of her motion for reconsideration and suggests that when it arrived, her sister, who had helped her with her initial SSI application, may not have been available to read the denial letter to her. *Id.* ¶¶ 11, 14.

The Administration seeks to dismiss the instant action on the ground that Mixon, because she did not timely seek ALJ review after the Administration sent her the denial letter, did not exhaust her administrative remedies and this Court therefore may not exercise the jurisdiction provided by 42 U.S.C. § 405(g). *See* Dkt. No. 12. Mixon disputes that point, but also seeks leave to file an amended complaint asserting two additional grounds of jurisdiction, namely a Fifth Amendment due process violation, as well as mandamus jurisdiction arising under 28 U.S.C. § 1361. Dkt. Nos. 23 (opposition and motion for leave to amend), 23-2 (proposed amended complaint). This Court holds that the Administration's alleged failure to notify Mixon's non-attorney representative that it had denied Mixon's motion for reconsideration gives rise to a "colorable constitutional claim" such that this Court may exercise jurisdiction over Mixon's appeal, notwithstanding Mixon's non-exhaustion of her administrative remedies and the inappropriateness of mandamus in this case. *See Udd v. Masanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (exception to § 405 jurisdictional requirements exists where denial of benefits gives rise to a "colorable constitutional claim of due process violation that implicates a due process right . . . to seek reconsideration of an adverse benefits determination"); *see also Atkins v. Astrue*, No. C 10-0180 PJH, 2011 WL 1335607, at *7 (N.D. Cal. Apr. 7, 2011) (exercising jurisdiction under *Udd* and remanding for hearing on merits where Administration failed to notify claimant's attorney of adverse benefits determination).

With respect to Mixon's constitutional claim, Mixon's brief asserts that Shannon Rodak of Cleveland-based Human Arc, her non-attorney authorized representative, did not receive notice of the Administration's denial of Mixon's motion for reconsideration, as required by the Administration's notification policies. The Administration's policy is to "send notices and/or notice copies to all representative payees, *authorized representatives*, attorneys, and/or legal guardians for SSI claimants and recipients." POMS NL 00801.001(B)(3)(b) (emphasis supplied).[1] The notice of denial at the initial determination stage indicates that Rodak was sent a copy of that notice. Dkt. No. 23-2 at 10. However, the notice of denial at the reconsideration stage makes no such indication. Dkt. No. 12-1 at 4 (addressed to Mixon only), 8 (no indication that Rodak was

---

[1] Available at https://secure.ssa.gov/poms.nsf/lnx/0900801001.

sent a copy).[2] Mixon argues that this discrepancy shows that Rodak did not receive notice of the reconsideration denial. Dkt. No. 23 at 13-14. The Administration counters that Mixon's allegation is "unsupported speculation," Dkt. No. 30 at 9, but does not come forward with evidence that it *did* send notice to Rodak. The parties have been unable to confirm Rodak's involvement in Mixon's case because Human Arc has ignored requests to provide copies of Mixon's file to the parties. *See* Dkt. No. 32-1, Ex. 15. Nevertheless, the presence of a "CC" indication to Rodak on the initial determination notice, but not on the reconsideration notice, suggests that Rodak did not, in fact, receive the reconsideration notice. The Court need not determine the truth of that matter since, at this juncture, the only issue before it is whether amendment of Mixon's complaint would be futile. It is not. The foregoing allegations give rise to a colorable constitutional claim.

Mixon's two other arguments for district court jurisdiction, exhaustion and mandamus, are unavailing. With respect to exhaustion, the Court concludes that Mixon has not exhausted her administrative remedies and therefore cannot avail herself of this Court's jurisdiction under 42 U.S.C. § 405(g). Section 405(g) imposes, inter alia, a waivable requirement that the applicant exhaust the administrative remedies prescribed by the Administration. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Here, Mixon has not exhausted her administrative remedies because she did not timely seek ALJ review and the Administration has exercised its discretion to deny Mixon further time to do so. *See* 20 C.F.R. § 416.1400(a)(5) (four-step process for exhaustion, of which timely seeking ALJ review is the third); *Burbage v. Schweiker*, 559 F. Supp. 1371, 1373 (N.D. Cal. 1983) (Social Security "regulations preclude further [district court] consideration of a claim for benefits where the claimant failed to file a timely hearing request and the ALJ makes the discretionary decision not to extend the time for filing such a request."). Accordingly, Mixon cannot avail herself of this Court's jurisdiction under section 405(g).

---

[2] The Court notes that Plaintiff's exhibits are unauthenticated, in violation of Civil Rule 7-5. The Court looks past this technical violation so as to do substantial justice. *Cf. Penner v. Schweiker*, 701 F.2d 256, 260-61 (3rd Cir. 1983) (liberally construing claimant's deficient briefing to find colorable constitutional claim). Future filings, however, shall conform to Civil Local Rule 7-5. Failure to comply may result in sanctions, including the filing's being struck from the record.

3

With respect to mandamus, the Court concludes that the exercise of mandamus jurisdiction would be inappropriate here. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (citation omitted). Here, the Secretary's decision to decline to reopen Mixon's claim was discretionary, *see*, *e.g.*, *Burbage*, 559 F. Supp. at 1375, and Mixon has another adequate remedy available to her, namely, the colorable constitutional claim previously discussed. For both of these reasons, Mixon cannot avail herself of this Court's mandamus jurisdiction.

For the foregoing reasons, the Court **PARTLY GRANTS AND PARTLY DENIES** Mixon's motion for leave to file an amended complaint. The proposed amended complaint lodged with Mixon's motion for leave to amend is devoid of factual allegations that might give substance to its bare legal conclusion that Mixon suffered a violation of her Fifth Amendment rights. As such, it does not meet federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement')" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Accordingly, Mixon's motion is denied as futile insofar as it seeks leave to file the currently proposed amendment. Her motion is granted, however, to the extent that she seeks to file an amended complaint that satisfies federal pleading standards by setting forth facts in support of her constitutional claims, consistent with federal pleading standards, her Rule 11 obligations, and the guidance in this Order. Plaintiff has leave to file such an amended pleading no more than **thirty (30) days** from the signature date of this Order. Failure to file timely an amended complaint may result in dismissal of this action for failure to prosecute. To the extent an amended complaint is filed and the defendant files a motion to dismiss, said motion shall be noticed for hearing on the Court's civil law-and-motion calendar. *See* Civ. L.R. 7-2.

Having given Mixon leave to amend, the Court **DENIES AS MOOT** Defendant's motion to dismiss Mixon's current complaint.

Finally, the Court **ORDERS** the substitution of Acting Commissioner Carolyn W. Colvin as defendant, replacing former Commissioner Michael J. Astrue.  Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

This Order terminates Docket Nos. 12 and 23.

**IT IS SO ORDERED**.

Date: October 4, 2013

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**